UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SANTANDER CONSUMER USA, INC.,  )
 )
        Plaintiff,  )
 )      CIVIL ACTION NO.
VS.  )
 )      3:17-CV-0568-G
HOMER SKELTON ENTERPRISES,  )
INC.,  )
 )
        Defendant.  )

## MEMORANDUM OPINION AND ORDER

Before the court is the motion for a more definite statement under Rule 12(e) and the motion to dismiss for failure to state a claim under Rule 12(b)(6) filed by the defendant (docket entry 4). For the reasons stated below, the motions are denied.

### I. BACKGROUND

#### A. Factual Background

This breach of contract action arises out of an automobile retail installment contract entered into between the plaintiff, Santander Consumer USA, Inc. ("Santander"), and the defendant, Homer Skelton Enterprises, Inc. ("Skelton"). *See*

Plaintiff's Original Petition ("Original Petition") ¶¶ 6-7 (docket entry 1-4).

Santander is in the business of purchasing automobile retail installment sales

contracts from automobile dealerships such as Skelton. *Id.* ¶ 6. Santander and

Skelton entered into a non-recourse dealer retail agreement, which governs the

assignment of contracts relating to various aspects of automobile sales from Skelton

to Santander. *Id.* ¶ 7. Santander commenced this action alleging that Skelton

breached the agreement. *Id.* at 3-6. Specifically, Santander alleged that Skelton

failed to disclose damage to vehicles, misrepresented vehicle equipment options,

failed to pay the agreed-upon amount in the event of customer cancellations, and

failed to repurchase contracts where it misrepresented customers' income and credit

information in contravention of the agreement.[1] See *id.*

## B. Procedural Background

On January 31, 2017, Santander commenced this action in the 191st Judicial

District Court of Dallas County, Texas. Notice of Removal ("Notice") at 1 (docket

entry 1). Skelton timely removed the case to federal court on February 27, 2017. *Id.*

On March 6, 2017, Skelton filed the instant motion to dismiss.[2] Defendant's

---

[1]     Specifically, Santander's claims arise from three separate provisions of the agreement: (1) the missing equipment claims; (2) claims for additional products and services; and (3) the repurchase and unwind claims. *Id.* at 3-6.

[2]     The court notes that Skelton failed to comply with Local Rules 7.1(i) and 7.2(d). The court could deny Skelton's motion on this ground alone, but it need not because Skelton's motion also fails on the merits. See *Dyer v. City of Mesquite*, No. 3:15-CV-2638-B, 2016 WL 2346740, at *7 (N.D. Tex. May 3, 2016) (Boyle, J.).

Motion for More Definite Statement and Motion to Dismiss (docket entry 4); Brief in Support of Defendant's Motion for More Definite Statement and Motion to Dismiss ("Defendant's Brief") (docket entry 5). On March 31, 2017, Santander filed a timely response to which Skelton Enterprises filed a timely reply. Plaintiff's Objection and Response to Defendant's Motion for More Definite Statement and Motion to Dismiss ("Plaintiff's Response") (docket entry 13); Reply to Plaintiff's Response to Defendant's Motion for More Definite Statement and Motion to Dismiss for Failure to State a Claim ("Defendant's Reply") (docket entry 14). The motion is now ripe for decision.

## II. ANALYSIS

### A. Rule 12(e) Motion for a More Definite Statement

When a party moves under FED. R. CIV. P. 12(e) for a more definite statement, the court is afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959); *Bruce v. Gore*, No. 3:10-CV-2173-G, 2012 WL 987556, at *1 (N.D. Tex. Mar. 22, 2012) (Fish, J.). A more definite statement of a pleading is required when the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). FED. R. CIV. P. 8(a)(2) requires that a claimant give "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P.

8(a)(2).  Under FED. R. CIV. P. 8(a)(2), a plaintiff's complaint is not required to set out detailed facts about the claim; rather, it need only notify the defendant as to the nature of the claim against it and the grounds upon which that claim rests.  See *Charles E. Beard, Inc. v. Cameronics Technology Corporation*, 120 F.R.D. 40, 41 (E.D. Tex. 1988), *aff'd sub. nom.*, *Charles E. Beard, Inc. v. McDonnell Douglas Corp.*, 939 F.2d 280 (5th Cir. 1991).  Here, the court concludes that the complaint is not so vague that Skelton cannot reasonably respond to it.  Thus, Skelton's motion for a more definite statement is denied.

## B.  Rule 12(b)(6) Motion to Dismiss

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *In re Katrina*

*Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading standard to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must

undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" its claims "across the line from conceivable to plausible." See *id.* at 679, 683.

### 1. *Whether the Court Should Consider the Document Attached to Skelton's Motion to Dismiss*

First, Skelton contends that Santander's claims fail after consideration of the entire agreement. Defendant's Brief at 7-8. In support, Skelton attaches what it contends to be the entire agreement as an exhibit to its motion to dismiss. *Id.*, Exhibit A. At issue is whether the court can consider the exhibit.

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). This includes attachments to the motion to dismiss if they are central to the plaintiff's claims and are referenced in the plaintiff's complaint. *Id.* at 499. "Documents found outside of the complaint that are central to the plaintiff's claims, however, must also be *undisputed* to merit consideration by the court." *Columbia Hospital at Medical City Dallas Subsidiary, L.P. v. Legend Asset Management Corporation*, No. 3:03-CV-3040-G, 2004 WL 769253, at *3 (N.D. Tex. April 9, 2004) (Fish, Chief J.) (emphasis in original). Courts look to whether the party opposing consideration of the document challenges its authenticity. *Ryan, LLC v. Inspired Development, LLC*, No. 3:12-CV-2391-O, 2013 WL 6159288, at *11 (N.D. Tex. Nov. 25, 2013) (O'Connor, J.).

In its response, Santander objects to Skelton's exhibit, challenging its authenticity. Plaintiff's Brief at 6. Specifically, Santander contends that the exhibit is not a true and correct copy of the agreement and that it is replete with handwritten comments and deletions. *Id.* Here, given Santander's challenge to the authenticity of the exhibit and its overall condition, the court concludes the exhibit does not merit consideration in deciding Skelton's motion to dismiss. *Ryan, LLC*, 2013 WL 6159288, at *11 ("In sum, as Counter-Plaintiffs have challenged the authenticity of the Termination Agreement, the Court cannot consider the release in the Termination Agreement in evaluating Ryan's motion to dismiss the counterclaim.").

### 2. *Applicability of Rule 9(b)*

Skelton contends that Santander's claims must satisfy the heightened pleading standard of FED. R. CIV. P. 9(b). *See* Defendant's Brief at 7-9. Skelton maintains that Rule 9(b) applies because Santander alleged that Skelton made "misrepresentations" -- a term that Santander used several times in its complaint. *Id.*; Defendant's Reply at 1-2, 8-9. Skelton avers that "deductive reasoning" leads to the conclusion that Santander has alleged a claim for fraud, requiring the court to apply Rule 9(b). Defendant's Reply at 1-2, 8-9.

However, as Santander correctly points out, it has alleged a claim for breach of contract -- not fraud. Plaintiff's Brief at 4 (citing Original Petition at 5-6). "A careful review of Fifth Circuit law indicates that applying 9(b) to a breach of contract claim

is inappropriate." *Ricupito v. Indianapolis Life Insurance Company*, No. 3:09-CV-2389-B, 2010 WL 3855293, at *3 (N.D. Tex. Sept. 30, 2010) (Boyle, J.); *International Bancshares Corporation v. Bancinsure, Inc.*, No. SA-12-CA-686, 2012 WL 12864343, at *2 (W.D. Tex. Aug. 30, 2012) ("Rule 9(b) does not apply to breach of contract cases, even if the contract provides for coverage of fraudulent acts."). Because Santander alleged a claim for breach of contract, the court concludes that applying Rule 9(b) is inappropriate. The court will therefore determine whether Santander has stated a claim under Rule 8(a).

### 3. *Santander Stated a Claim for Breach of Contract*

Skelton further contends that Santander failed to plausibly state a claim for breach of contract. Defendant's Brief at 11-12. "Under Texas law, [t]he essential elements in a breach of contract claim are as follows: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach." *Bridgmon v. Array Systems Corporation*, 325 F.3d 572, 577 (5th Cir. 2003) (internal quotations omitted).

Here, the complaint sufficiently pleads the four elements necessary for a breach of contract claim. It is clear that Santander alleged that the parties entered into a valid contract. *See* Original Petition ¶ 7 ("Plaintiff and Defendant entered into the Non-Recourse Dealer Retail Agreement . . . regarding the purchase of retail

installment sales contracts for automobiles."). Santander alleged that it performed

under the agreement by purchasing the contracts at issue from Skelton. See *id.* at 3-

6.

Moreover, Santander sufficiently alleged that Skelton breached the agreement.

As discussed above, Santander specifically alleged that the agreement required

Skelton to accurately represent the condition of the vehicles and equipment options,

see *id.* ¶¶ 8-10, to pay an agreed-upon amount in the event of customer cancellations,

see *id.* ¶ 11, and to repurchase contracts where it misrepresented customers' income

and credit information. See *id.* ¶¶ 12-13. Santander alleged that Skelton breached

the agreement when it failed to comply with these obligations. See *id.* at 3-6; see also

*Gonzales v. Columbia Hospital at Medical City Dallas Subsidiary, L.P.*, 207 F. Supp. 2d

570, 575 (N.D. Tex. 2002) (Solis, J.) (looking to whether the defendant failed to

perform obligations "that it expressly promised to do"). As a result of Skelton's

breach, Santander alleged it suffered damages in the amount of $142,992.13.

Original Petition ¶ 15. The court concludes that these allegations are "enough to

raise a right to relief above the speculative level. . . ." *In re Katrina Canal*, 495 F.3d at

205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).[3]

Therefore, Santander has sufficiently alleged a claim for breach of contract.

### 4. *Breach of Warranty*

Skelton also contends that any claim for breach of warranty fails because Santander failed to allege that it provided proper notice to Skelton as required by the Texas Business and Commerce Code § 2.607(c)(1).[4]  Defendant's Reply at 10. Specifically, Santander contends that "[t]o maintain an action for a breach of warranty in Texas, a buyer must notify the seller that a breach occurred within a reasonable time after he discovers or should have discovered any breach." *Id.* at 10 (citing TEX. BUS. & COM. CODE § 2.607(c)(1)).  Skelton concludes that Santander failed to allege that it notified Skelton of the breach and gave it an opportunity to cure. *Id.*

However, the court concludes that Santander has satisfied § 2.607's notice requirement.  "A general expression of the buyer's dissatisfaction with the product may be sufficient to comply with section 2.607."  See *U.S. Tire-Tech, Inc. v. Boeran,*

---

³       The court is not persuaded by Skelton's contention that Santander is required to attach the contract as an exhibit to the complaint.  See *Jaffer v. Aviel*, No. 3:13-CV-1674-G, 2014 WL 301041, at *5 (N.D. Tex. Jan. 28, 2014) (Fish, J.) ("While the plaintiffs do not specifically cite the portion of [the plaintiff's] contract with [the defendant] that they allege was breached, the court concludes that their allegations are sufficient to survive a motion to dismiss.").

⁴       In relevant part, § 2.607 states, "the buyer must within a reasonable after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."  TEX. BUS. & COM. CODE § 2.607(c)(1).

*B.V.*, 110 S.W.3d 194, 201 (Tex. App.--Houston [1st Dist.] 2003, pet. denied).

Here, Santander clearly alleged that "[d]espite full performance under the Agreement by Plaintiff, and written demand, Defendant has failed to [perform under the contract]." Original Petition ¶ 15. Based on this, the court concludes that Santander sufficiently alleged that it provided notice to Skelton regarding Skelton's noncompliance with the agreements. See *Lochinvar Corporation v. Meyers*, 930 S.W.2d 182, 189-90 (Tex. App.--Dallas 1996, no writ).

### III.  CONCLUSION

For the reasons stated above, the defendant's motions are **DENIED**.

**SO ORDERED**.

June 13, 2017.

A. Joe Fish

**A. JOE FISH**
**Senior United States District Judge**