UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SANTANDER CONSUMER USA, INC.,  )
         )
     Plaintiff,  )
         )     CIVIL ACTION NO.
VS.  )
         )     3:17-CV-0568-G
HOMER SKELTON ENTERPRISES,  )
INC.,  )
         )
     Defendant.  )

## MEMORANDUM OPINION AND ORDER

Before the court is the defendant's motion to transfer venue under 28 U.S.C.

§ 1404(a) (docket entry 16). For the reasons stated below, the defendant's motion is

denied.

## I. BACKGROUND

This case concerns an alleged breach of an automobile retail installment

contract entered into between the plaintiff, Santander Consumer USA, Inc.

("Santander"), and the defendant, Homer Skelton Enterprises, Inc. ("Skelton"). *See*

Plaintiff's Original Petition ¶¶ 6-7 (docket entry 1-4). The court has already laid out

the factual background of this case in an earlier opinion. *See* Memorandum Opinion

and Order of June 13, 2017 (docket entry 15).

On January 31, 2017, Santander commenced this action in the 191st Judicial District Court of Dallas County, Texas. Notice of Removal at 1 (docket entry 1). Skelton then timely removed the case to federal court on February 27, 2017. *Id.* On March 6, 2017, Skelton filed a motion to dismiss the case under Rule 12(b)(6). Defendant's Motion to Dismiss (docket entry 4). On June 13, 2017, the court denied Skelton's Motion to Dismiss. Memorandum Opinion and Order of June 13, 2017 (docket entry 15).

On June 27, 2017, Skelton filed the instant motion to transfer venue under 28 U.S.C. § 1404(a) to the United States District Court for the Western District of Tennessee -- Western Office, contending that transfer is appropriate for the convenience of the parties and in the interest of justice. *See* Defendant's Motion to Transfer Venue ("Motion") (docket entry 16). On July 18, 2017, Santander timely filed a response, urging that the agreed upon forum selection clause and Section 1404(a)'s public and private interest factors do not favor transfer. Plaintiff's Response to Defendant's Motion to Transfer Venue ("Response") (docket entry 21); Appendix in Support of Plaintiff's Response to Defendant's Motion to Transfer Venue ("Santander's Appendix") (docket entry 22). On August 1, 2017, Skelton timely filed a reply. Defendant's Reply to Plaintiff's Response to Defendant's Motion to Transfer Venue ("Reply") (docket entry 26). The motion is now ripe for decision.

II.  ANALYSIS

A.  Legal Standards

1.  *Forum Selection Clause*

In a diversity case such as this one, federal law governs the enforceability of forum-selection clauses.  *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22, 32 (1988); *Ginter ex rel. Ballard v. Belcher, Prendergrast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008).  Under federal law, forum-selection clauses are *prima-facie* valid and carry a "strong presumption of enforceability."  *Haynsworth v. The Corporation*, 121 F.3d 956, 966 (5th Cir. 1997), *cert. denied*, 523 U.S. 1072 (1998); see also *Ginter*, 536 F.3d at 441.  A party who seeks to overcome that presumption must carry the heavy burden of demonstrating that enforcement of the clause would be unreasonable under the circumstances.  *Mitsui & Company (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997) (citing *M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 10 (1972)); see also *Calix-Chacon v. Global International Marine, Inc.*, 493 F.3d 507, 513 (5th Cir. 2007) ("'[A] valid forum selection clause is given controlling weight in all but the most exceptional cases.'" (quoting *Stewart*, 487 U.S. at 33 (Kennedy, J., concurring))).  Enforcement of a forum-selection clause is unreasonable under the circumstances only if:  (1) "the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching;" (2) litigation in the selected forum would be gravely inconvenient; (3) the "fundamental unfairness of the chosen

law" would deprive the plaintiff of a remedy; or (4) enforcing the clause would violate a strong public policy. *Haynsworth*, 121 F.3d at 963 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991), and *M/S Bremen*, 407 U.S. at 12-13, 15, 18).

## 2. *Section 1404(a)*

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) "is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted). The decision to transfer a pending case is committed to the sound discretion of the district court. *Jarvis Christian College v. Exxon Corporation*, 845 F.2d 523, 528 (5th Cir. 1988).

"It is well settled that the party moving for a change of venue bears the burden of demonstrating why the forum should be changed." *Dupre v. Spanier Marine Corporation*, 810 F. Supp. 823, 825 (S.D. Tex. 1993) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)). Placing the burden on the moving party to show "good cause" for the transfer "reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc), *cert. denied*, 555 U.S. 1172 (2009). Unless the

transferee district is "clearly more convenient," the plaintiff's choice of venue should be respected.  *Id.* at 315.

"The preliminary question under § 1404(a) is whether a civil action might have been brought in the destination venue."  *Id.* at 312 (internal quotations omitted).  This requires a finding that the transferee court has jurisdiction over the defendant and venue in the transferee district would be proper.  *Frost v. ReliOn, Inc.*, No. 3:06-CV-0822-G, 2007 WL 670550, at *2 (N.D. Tex. Mar. 2, 2007) (Fish, Chief J.).  Once this is established, the court must weigh eight private and public interest factors to determine "whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice."  *Volkswagen*, 545 F.3d at 315.  The four private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Id.*  The four public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."  *Id.*  These two lists of factors are neither exhaustive nor exclusive, and no single factor should be given dispositive weight.  *Id.*

## B. Application

The threshold question in a Section 1404(a) analysis is whether the civil action might have been brought in the transferee court. In this case, neither the plaintiff nor the defendant appear to dispute the fact that this case could have been brought in the Western District of Tennessee. The next question, then, is whether transferring the case would be for the convenience of parties and witnesses and in the interest of justice. To make this determination, the court must consider the forum selection clause and the private and public interest factors set forth in *Volkswagen*. See *LeBlanc v. C.R. England, Inc.*, 961 F. Supp. 2d 819, 834 n.11 (N.D. Tex. 2013) (Boyle, J.) (noting that a forum selection clause is a significant factor in the Section 1404(a) analysis).

### 1. *Forum Selection Clause*

The forum selection clause at issue states:

> Governing Law, Jurisdiction and Venue . . . The exclusive venue for any legal action arising out of, or related to this Agreement shall be within Dallas, Texas. The Parties expressly submit themselves to the jurisdiction of such courts, consent to such venue, and waive any defense based on lack of personal jurisdiction, *forum non conveniens*, improper venue or any other related theory.

Response at 2 (citing Santander's Appendix at 16) (emphasis removed). Based on its clear and unambiguous language, the court concludes that this is a mandatory forum selection clause. *Bonded Inspections, Inc. v. Northrop Grumman Corporation*, No. CIV.A.

3:98-CV-0214-D, 1998 WL 185518, at *1 n.1 (N.D. Tex. Apr. 10, 1998) (Fitzwater, J.) (discussing how use of the words "shall" and "exclusive" demonstrates the mandatory nature of a forum selection clause). Accordingly, there is a presumption of enforceability. See *Haynsworth*, 121 F.3d at 962-63.

The court must now determine whether Skelton has met its burden of showing that the clause is unenforceable. Skelton maintains that the forum selection clause is overreaching because the contract "was designed to eliminate or waive essentially every right, Constitutional or otherwise, that the Defendant could assert in defense of any claims made by Plaintiff." Reply at 3. Overreach is defined as "that which results from an inequality of bargaining power or other circumstances in which there is an absence of meaningful choice on the part of one of the parties." *Haynsworth*, 121 F.3d at 965 n.17 (quoting BLACK'S LAW DICTIONARY 1104 (6th ed. 1990)).

While Skelton's contentions do not address the negotiation process, by all indications, Skelton is a sophisticated business entity and freely entered into the agreement. *Ragar Transportation v. Lear Corporation*, No. 5:15-CV-223, 2016 WL 8461422, at *4 (S.D. Tex. Sept. 29, 2016) ("[A]ll indications are that Plaintiff -- again, the sophisticated company that it is -- was indeed able to negotiate freely."). Moreover, Skelton does not argue that the forum selection clause *itself* is invalid for overreaching. *See* Reply at 3. Rather, Skelton's contentions go towards the validity of the agreement as a whole. See *Haynsworth*, 121 F.3d at 963 ("Fraud and

overreaching must be specific to a forum selection clause in order to invalidate it.");

*BeautiControl, Inc. v. Burditt*, No. CIV.A. 3:01-CV-0744-M, 2001 WL 1149360, at *5

(N.D. Tex. Sept. 26, 2001) (Lynn, J.) (dismissing similar allegations of fraud and

overreaching because the allegations went to the "contract as a whole -- not to the

forum selection clause specifically").  Therefore, Skelton has not met its burden of

showing that it would be unreasonable to enforce the forum selection clause.

### 2. *Private and Public Interest Factors*

As to the first two private interest factors, Skelton points out that the

automobiles -- the subject of the disputed contracts -- are located in Tennessee.

Motion at 7.  Moreover, Skelton contends that it will not be able to compel the

attendance of non-party witnesses because its witnesses are located in Tennessee and

are outside the court's subpoena power.  *Id.* at 6-7.  While it appears unlikely that it

will be necessary to transport the automobiles to Texas in furtherance of this case,

because Santander does not contest Skelton's contentions, the court concludes that

these factors weigh slightly in favor of transfer.

However, the court concludes that the third and fourth private interest factors

are neutral.  According to Skelton, up to seventeen witnesses who reside in the

Memphis, Tennessee area may be called to testify.  Motion at 5.  Santander responds

that its witnesses are located in Dallas County, Texas.  Response at 8 (citing

Santander's Appendix at 6).  Cost of attendance for the witnesses is a neutral factor

because each party's witnesses would incur additional expense in traveling to the other state.  See *Frost*, 2007 WL 670550, at *3 ("Shifting expenses from one party to another does not weigh in favor of transferring a case without some evidence that shifting those expenses would serve the interests of justice.").  Moreover, the court does not believe that there are any other significant practical problems with holding trial in Texas.  Therefore, the court concludes that the third and fourth factors are neutral.

As to the public interest factors, the court concludes that they do not weigh in favor of transferring the case.  Skelton posits that the Western District of Tennessee has a higher local interest in the matter because the dealership is question is located in Tennessee and the case concerns the sale of automobiles to Tennessee residents.  Motion at 9.  However, Skelton's arguments are counterbalanced by Texas's substantial interest in adjudicating claims between a local lender and an out of state automobile dealer.  See *Santander Consumer USA, Inc. v. Car Smart, Inc.*, No. 3:09-CV-2317-G, 2010 WL 3703848, at *6 (N.D. Tex. Sept. 20, 2010) (Fish, J.).  Therefore, the public interest factors do not favor transfer.

### 4. *Balancing of the Factors*

In this case, the court concludes that the defendant has not met its burden of demonstrating that Western District of Tennessee is "clearly more convenient than the venue chosen by the plaintiff."  See *Volkswagen*, 545 F.3d at 315.  While some of

the factors suggest that the case should be transferred, most indicate that it either should not be transferred, or that transfer would not yield any substantial private or public benefit. Moreover, any benefits are clearly outweighed by the forum selection clause that the parties agreed to. *Shaffer v. Green Earth Technologies, Inc.*, No. SA-17-CV-00451-XR, 2017 WL 2628883, at *3 (W.D. Tex. June 19, 2017) ("A proper application of § 1404(a) requires that the forum selection clause be given controlling weight in all but the most exceptional cases.") (quoting *Atlantic Marine Construction Company v. United States District Court for Western District of Texas*, __ U.S. __, 134 S. Ct. 568, 579 (2013); *Javeler Marine Services, LLC v. Cross*, No. CIV.A. H-14-0670, 2014 WL 6886097, at *9 (S.D. Tex. Dec. 4, 2014). Therefore, Skelton's motion to transfer under Section 1404(a) is denied.

## III.  CONCLUSION

For the reasons stated above, the defendant's motion is **DENIED**.

**SO ORDERED**.

August 15, 2017.

*C. Joe Fish*
_____

**A. JOE FISH**
**Senior United States District Judge**